UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WENDELL RIVERA-RUPERTO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 22-074-DCR |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| USP-McCREARY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff/inmate Wendell Rivera-Ruperto is confined at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Rivera-Ruperto has filed a Complaint asserting claims against Defendants USP-McCreary, the federal Bureau of Prisons ("BOP"), and Stappleton (identified as the head of the kitchen staff at USP-McCreary). [Record No. 1] The Court previously granted Rivera-Ruperto's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Record No. 7]

The Court now conducts a preliminary review of Rivera-Ruperto's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. As an initial matter, a Complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. Further, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court evaluates Rivera-Ruperto's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Even so, while the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Rivera-Ruperto alleges that, on May 23, 2020, while he was working in food service at USP-McCreary, he was removing a cart with 24 pans of potatoes and water when the cart's wheels became stuck in a part of the floor that was missing three tile pieces. He further alleges that the wheels of the cart were not working properly. According to Rivera-Ruperto, the cart and the described items fell on top of him, pinning him to the floor and causing him to suffer physical injuries requiring medical treatment, including injuries to his chin, headaches, and pain in his neck, collarbone, and back. Rivera-Ruperto claims that the accident would not have occurred if the wheels of the cart were working properly and the floor tiles had not been missing. [Record No. 1 at p. 2-3] Based on these allegations, Rivera-Ruperto contends that the USP-McCreary food service failed to provide a safe working environment and displayed reckless disregard for his safety. [Record No. 1 at p. 2-3]

Rivera-Ruperto asserts that the defendants violated his rights because "the institution failed to provide a safe and hazard free work environment and negligence of health and safety

is an act protected by federal and state law, which require a workplace and its employers to a standard to meet by safety measures and building requirements." [Record No. 1 at p. 4]. Rivera-Ruperto does not invoke the Constitution, nor does he otherwise identify a specific federal statutory right that he claims has been violated. However, in the section of the Complaint addressing exhaustion of his administrative remedies, he explains that he was told that his grievance was denied because he "could only file 60 days prior to my release under IACA and my claim [through] the FTCA was denied." [*Id*. at p. 5] Rivera-Ruperto seeks monetary damages in the amount of $100,000.00. [*Id*. at p. 8]

Based on Rivera-Ruperto's allegations of negligent and/or reckless conduct, as well as his reference to the administrative denial of his FTCA claim, the Court construes his Complaint as alleging a claim against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2670 *et seq*. ("FTCA"). However, the Complaint will be dismissed, as it is barred by the exclusivity provision of the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126.

The FTCA constitutes a limited waiver of the federal government's sovereign immunity which permits an action against the United States for negligent or wrongful acts or omissions of its employees while acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). *See also Fitch v. United States,* 513 F.2d 1013, 1015 (6th Cir.1975); *United States v. Orleans,* 425 U.S. 807, 813 (1975). Thus, common-law tort claims against the federal government, its agencies, and/or its employees (such as those alleged by Rivera-Ruperto) may generally be brought (if at all) against the United States pursuant to the FTCA.

However, the IACA, a subsection of the Prison Industries Fund statute, provides for compensation "to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the

inmates are confined." 18 U.S.C. § 4126(c)(4). The right to compensation provided by § 4126 is the exclusive remedy for common-law tort claims brought by a federal prisoner injured in the performance of an assigned task while in a federal penitentiary. Thus, any claim under the FTCA arising out of such injury is barred. *United States v. Demko*, 385 U.S. 149, 152 (1966). *See also Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987) (further noting that "[s]ection 4126 is also the exclusive remedy when a work related injury is subsequently aggravated by negligence and malpractice on the part of prison officials…or when the injury stems from a negligent job assignment.") (citations omitted); 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the [FTCA]").

Here, Rivera-Ruperto's Complaint is clear that he seeks to recover for injuries suffered in an accident which occurred while he was working in food services at USP-McCreary that was caused by missing floor tiles and/or malfunctioning wheels on a food cart. [Record No. 1 at p. 2-4] Therefore, his claim is properly characterized as an IACA claim, as he "seeks workers' compensation from the employer (the United States) for an on-the-job injury, similar to the type any employee could suffer in the course of [his] employment." *See Koprowski v. Baker*, 822 F.3d 248, 256 (6th Cir. 2016) (contrasting between a "run-of-the-mill IACA claim based on an accident in the workplace" and an Eighth Amendment claim brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)). Because the IACA is Rivera-Ruperto's exclusive remedy for any injuries suffered while performing the duties assigned to him, his Complaint seeking to bring a claim under the FTCA will be dismissed for lack of subject matter jurisdiction. *See Wooten*, 825 F.2d at 1045-46 ("[T]o the extent that Wooten's complaint sought relief for work-related injuries, the district court was without

subject matter jurisdiction to consider the complaint under the FTCA."). Accordingly, it is hereby

**ORDERED** as follows:

1. Rivera-Ruperto's Complaint [Record No. 1] is **DISMISSED** with prejudice.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: May 13, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky